UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GLASS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV2190 FRB |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| TRANSPORTATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Cynthia Glass Davis for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended.  Plaintiff has submitted her action on one of this Court's standard "Employment Discrimination Complaint" forms; however, she has failed to attach a legible copy of the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue Letter, clearing showing the field marked "Date Mailed."  As such, the Court does not have sufficient information to review her employment claim under 28 U.S.C. § 1915(e)(2)(B).  Taking into consideration the fact that plaintiff is proceeding pro se and in forma

pauperis, the Court will grant her time to file a legible copy of her EEOC Notice of Right to Sue letter.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a legible copy of the EEOC Notice of Right to Sue Letter that she has received relative to this action.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action, without prejudice and without further notice to her.

Dated this 12th day of December, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**